UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LEUMAL FRED HENTZ,　　　　　　　　　　　　　　　　Case No. 2:18-cv-00493-MC

　　　　Plaintiff,　　　　　　　　　　　　　　　　　　　　　　　ORDER

　　v.

L. GRUENWALD, et al.,

　　　　Defendants.
_____

MCSHANE, District Judge:

　　　　Plaintiff, an inmate at the Snake River Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983 and alleged that prison officials committed numerous violations of his civil rights. Currently pending is defendants' motion for partial summary judgment on Claim 2 of plaintiff's Amended Complaint. Defendants argue that this claim is barred for failure to exhaust administrative remedies. I agree, and defendants' motion is granted.

## DISCUSSION

　　　　To prevail on their motion for summary judgment, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed.

1　- ORDER

R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). The court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

Under the Prison Litigation Reform Act (PLRA), inmates must exhaust all available administrative remedies before filing a federal action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of the prison administrative process. *Woodford v. Ngo,* 548 U.S. 81, 85, 90 (2006). If the defendant shows that the inmate did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d *at 1172; see also Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010*)* (the PLRA does not require exhaustion when administrative remedies are "effectively unavailable").

The Oregon Department of Corrections (ODOC) employs a three-step grievance and appeal process. Or. Admin. R. 291-109-0140. Generally, the inmate must file a grievance within 30 days of the alleged condition or incident. *Id.* 291-109-0150(2). If a grievance is accepted, the inmate may appeal a response to the grievance within 14 calendar days. *Id.* 291-109-0170(1)(b). If the first appeal is denied, the inmate may file a second appeal within 14 days of the date the

denial was sent to the inmate. *Id.* 291-109-0170(2)(c). A decision following a second appeal is final and not subject to further review. *Id.* 291-109-0170(2)(f).

An inmate also may file an inmate discrimination complaint if he believes he has been subjected to discrimination by an ODOC staff member. Or. Admin. R. 291-006-0015(1)(a). In such cases, the discrimination complaint coordinator must receive the complaint within 30 calendar days of the incident giving rise to the complaint. Or. Admin. R. 291-006-0031(2).

In Claim 2, plaintiff alleges that Nurse Practitioner (NP) Gruenwald interfered with his medical treatment because of his race in violation of plaintiff's rights to due process and equal protection.[1] Although plaintiff has filed numerous grievances and discrimination complaints, none has alleged discriminatory treatment by NP Gruenwald. Taylor Decl. ¶¶ 12, 15 & Att. 4.

In response to defendants' motion, plaintiff argues that he completed the grievance process for Grievance No. TRCI 2016-04-202. However, that grievance alleged NP Gruenwald provided inadequate medical care by discontinuing certain accommodations previously prescribed by a physician; the grievance did not allege interference with his medical treatment based on racial discrimination. *Id.* Att. 5 at 8-9. Plaintiff also argues that no other administrative remedies were available to him. The ODOC discrimination complaint process and plaintiff's previous utilization of that process contradict his argument. *Id.* Att. 4.

Accordingly, plaintiff did not exhaust his available administrative remedies before filing suit on Claim 2, and that claim must be dismissed.

///

///

---

[1] In Claim 1, plaintiff alleges that NP Gruenwald exhibited deliberate indifference to his serious medical needs. Claim 1 is not at issue.

## CONCLUSION

Defendants' Motion for Partial Summary Judgment (ECF No. 27) is GRANTED and Claim 2 of plaintiff's Amended Complaint is DISMISSED without prejudice for failure to exhaust administrative remedies.

IT IS SO ORDERED.

DATED this  9th  day of September, 2019.

s/ Michael J. McShane  
Michael J. McShane  
United States District Judge