UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LEUMAL FRED HENTZ,

    Plaintiff,

v.

L. GRUENWALD, et al.,

    Defendants.

Case No. 2:18-cv-00493-MC

ORDER

MCSHANE, District Judge:

    Plaintiff, an inmate at the Snake River Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983. Currently pending are the parties' cross-motions for summary judgment, plaintiff's motion to remove redactions, plaintiff's motion to dismiss, plaintiff's motion for extension of time, and plaintiff's motion to compel.

    Plaintiff's Motion to Remove Redactions (ECF No. 78) is DENIED. After an in camera review of the relevant documents, the redacted material does not reference plaintiff and is not relevant to his claims. Plaintiff's Motion to Dismiss (ECF No. 86) is GRANTED, and all claims against defendant S. Iles are DISMISSED. Plaintiff's Motion to Compel (ECF No. 96) is DENIED, as defendants have admitted OSCI receives federal funds and the remaining

1    - ORDER

documents are not relevant to plaintiff's claims. Plaintiff's Motion for Extension of Time (ECF No. 94) is GRANTED. Plaintiff's reply in support of his motion for summary judgment (ECF No. 88) and his response to defendants' motion for summary judgment (ECF No. 91) are due by November 8, 2019.

**<u>Plaintiff is provided the following notice regarding motions for summary judgment:</u>**

A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine dispute of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine dispute of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

IT IS SO ORDERED.

DATED this  10th  day of September, 2019.

s/ Michael J. McShane
Michael J. McShane
United States District Judge

2   - ORDER